(No. 00044—

Vivian D. Nolan, as wife of Thomas J. Nolan, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed July 24, 1974.*

SIDNEY ZIPPERMAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of a fireman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act"] *Ill.Rev.Stat. 1971, Ch. 48, Sec. 281 et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full Court on July 10, 1974, the Court finds as follows:

1. That the claimant, Vivian D. Nolan, is the wife of the decedent and is the beneficiary who was designated by him as stated in her application for benefits;

2. That the decedent, Thomas J. Nolan, was a fireman employed by the Chicago Fire Department and engaged in the active performance of his duties, within the meaning of Sec. 2(e) of the Act, on January 1, 1973;

3. That on said date, Lt. Nolan's unit responded to a fire alarm in a two-story, townhouse residence at 6254

W. Peterson. Lt. Nolan was in command of three other men and his unit was required to ventilate the building and search for occupants. Lt. Nolan, wearing his fire coat, helmet and boots, and carrying a hand light, entered the front of the first floor. The fire was directly below in the basement and Lt. Nolan proceeded through the first floor apartment which was full of heavy smoke and heat, in search of a youth who was reported by bystanders to be living in the apartment. After searching the first floor Lt. Nolan went to the rear basement stairwell area.

Captain Bradshaw, in charge of Engine 119, states that at this time he was in the basement combating the fire. Firefighter Schoens came to Captain Bradshaw and told him that Lt. Nolan was not feeling well. Captain Bradshaw said he told Lt. Nolan to rest on the stairs. He describes Lt. Nolan as looking dazed and states that he complained of weakness and chest pain. After sitting down for a short time Lt. Nolan arose and started down the steps into the basement. Bradshaw ordered him to leave, and Lt. Nolan climbed the stairs and collapsed in the rear yard. Lt. Nolan was taken to Resurrection Hospital and placed in intensive care. He never returned to fire duty. The hospital physician, Dr. William R. O'Connor, states that a diagnosis was made upon admission of "acute posterior wall myocardial infarction due to arteriosclerotic heart disease and also smoke inhalation . . ."

Lt. Nolan was discharged from the hospital on January 27, 1973, and continued under the regular care of his attending physician. On March 17, 1973, Lt. Nolan was stricken and collapsed in his home. He was rushed to Skokie Valley Hospital and pronounced dead on arrival. The Coroner's Certificate of Death recites the immediate

cause of death as "acute myocardial infarction" due to or as a consequence of "arteriosclerotic heart disease" and stating "other significant conditions" as "smoke inhalation".

The report of Dr. William R. O'Connor who attended Lt. Nolan in the hospital and after his release states:

"It is felt that this entire illness since the inception on January 1, 1973, was one condition that was never adequately controlled. It is my opinion that his fire fighting activities on the 1st day of January, 1973, were an acute precipitating factor in his myocardial infarction and that the smoke inhalation that he suffered was a precipitating factor. At no time was I able to improve the condition adequately to declare him fit to return to duty."

The Court was convinced by the evidence that the strain and smoke inhalation suffered in the aforesaid performance of his duties caused or precipitated this fireman's fatal heart attack. Although his death might not have occurred as it did if he had been in normal health, coverage under the Act is not limited to healthy firemen;

4. The Court finds, therefore, that Lt. Nolan was killed in the line of duty as defined in Sec. 2(e) of the Act, and

5. That the proof submitted in support of this claim satisfied all of the requirements of the Act, and the claim is therefore compensable thereunder.

It Is Hereby Ordered that the sum of $10,000 (Ten Thousand Dollars) be awarded to Vivian D. Nolan as wife and designated beneficiary of the deceased fireman, Thomas J. Nolan.